GREENBERG TRAURIG LLP
Alan J. Brody (AB-4777)
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07962
(973) 443-3543
brodya@gtlaw.com
*Attorneys for Proveris Scientific Corporation*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| INNOVASYSTEMS, INC., | Case No. 11-36228 (ABA) |
| Debtor. | |

**PROVERIS SCIENTIFIC CORPORATION'S MOTION TO RECONSIDER AND AMEND CLAIM ESTIMATE ORDER**

Proveris Scientific Corporation ("Proveris"), by and through its counsel, Greenberg Traurig, LLP, hereby moves the Court to reconsider its order dated January 14, 2015, estimating the value of Proveris's Claim No. 13-1 ("Claim") to be $0 for purposes of voting on InnovaSystems, Inc.'s ("Innova" or the "Debtor") plan of reorganization, and to amend the order by estimating the Claim to be $1,113,281.28. The Court based its estimate on incorrect conclusions of law; therefore, the estimate amounts and the order implementing the estimate should be amended.[1]

In support of this motion, Proveris incorporates as if fully set forth herein, its Opposition to the Debtor's Objection to Proveris's Claim and Cross-Motion for Temporary Allowance of

[1] Capitalized terms used, but not defined herein have the meanings given to them in Proveris's Objection to the Second Amended Disclosure Statement, Docket No. 479.

will not unduly delay the administration of the bankruptcy case because it will result in a liquidation of the claim for distribution purposes." (Id.)

3. The Court next addressed Proveris's cross-motion for claim estimation. When addressing the cross-motion, the Court made two critical errors of law. First, addressing Proveris's contempt claim against Innova, the Court erroneously determined that "no claim or, at this time, even a basis for a claim exists." (Id. at 11.) Second, and compounding the first legal error, the Court incorrectly determined that "[s]ince [the PTO and PTAB] have rejected the claims of Proveris and at this time, no claim exists, the Proveris Claim is a claim whose contingency may never occur." (Decision at 12.) As such, the Court incorrectly concluded "that the claim of Proveris must be estimated at $0 pursuant to Fed. R. Bankr. P. 3018(a)." (Id.) The Court reasoned that "[t]o estimate at the Sanctions amount as Proveris suggests would allow it to control confirmation, a position not in line with the policies of reorganization." (Id.) The Court also provided that while "estimating Proveris's claim at $0 prevents it from voting on the plan, it does not prevent it from objecting to the plan," (id. at 13), because "Proveris is affected by the plan as a member of the unsecured class of creditors that may be paid under the plan." (Id. at 14.) Additionally, the Court ruled that "Proveris may be heard on any of the section 1129(a) requirements for confirmation that this court must consider in deciding whether to confirm the plan." (Id.)

4. In light of its rulings, the Court instructed the Debtor to submit an "an amended Disclosure Statement and Plan [that] also address[es] the potential impact of Proveris ultimately prevailing on its claim in the patent litigation." (Decision at 15.) Thus, while the very reason the Debtor sought bankruptcy protection was to avoid the Proveris Claim, by its Decision and Order, the Court has prevented Proveris's vote on a plan from having any meaning whatsoever. The

Court entered its Order on the Debtor's Objection and the Cross-Motion on January 14, 2015. (the "Order") (Doc. 528).)

## ARGUMENT

## I. THE COURT SHOULD RECONSIDER ITS DECISION AND AMEND ITS ORDER TO ESTIMATE PROVERIS'S CLAIM TO BE $1,113,281.28.

5. Contrary to the Court's legal determinations that "no [patent] claim exists" and, therefore, no "basis for a [contempt] claim exists," the patent claims challenged by Innova still exist as a matter of law and, therefore, Proveris still has legally cognizable contempt and 35 U.S.C. § 271(f) infringement claims against Innova.

6. Throughout the Contempt Action and to date, the challenged patent claims, claims 3-10 and 13 of the '400 patent, have been and remain valid. (See Farina Aff. Ex. A.) Proveris currently has all rights of a valid patent holder and may enforce the patent against infringers. That one such infringer, Innova, initiated a reexamination proceeding with the hope of avoiding sanctions for willful contempt does not mean that Proveris's rights as a patent holder have expired or been cancelled. Indeed, with relief from the automatic stay already granted, (see Decision at 8), Proveris could initiate a new action against Innova for continuing, post-petition infringement (resulting in an administrative claim against the estate) under 35 U.S.C. § 271(f). As this Court acknowledged, a patent claim is "still pending" until the PTO issues and publishes "a certificate canceling any claim of [a] patent finally determined to be unpatentable" pursuant to 35 U.S.C. § 318(b). (Id. at 9.) Accordingly, until the '400 patent's challenged claims either expire or are cancelled, they are "still pending" and may be enforced. Thus, the '400 patent's challenged claims "exist" as a matter of law and the Court's legal determination that "no claim exists" because the PTO and PTAB "have rejected the claims of Proveris" is incorrect. See 35

U.S.C. § 318(b); Fresenius USA, Inc. v. Baxter Intern, Inc., 721 F.3d 1330, 1335, 1339-1341 (Fed. Cir. 2013); Bettcher Indus., Inc. v. Bunzl USA, Inc., 661 F3d. 629, 648 (Fed. Cir. 2011).

7. Similarly, the Court's legal determination that "no claim or, at this time, even a basis for a claim exists" is also incorrect. (Decision at 11.) All of the '400 patent's claims "exist" as a matter of law and Proveris has the rights of a patent holder to enforce them. See 35 U.S.C. § 318(b); Proveris III, 739 F.3d at 1371-1373. Considering the original finding of willful contempt by the Massachusetts court and the Federal Circuit's decision in Proveris III, and with 35 U.S.C. § 318(b) establishing when valid patent claims may no longer be enforced, at this time Proveris most certainly has a basis for contempt and continuing infringement claims against Innova. That the Massachusetts court stayed the Contempt Action after remand (at the Debtor's request) pending the outcome of the reexamination proceeding does not mean that no legal basis exists for the contempt and infringement claims. It simply means that the Massachusetts court agreed with the Debtor's request to conserve resources by not spending time or money on the Contempt Action until the validity of claim 3 has been finally determined through the reexamination proceeding.

8. Moreover, the Court appears to have misinterpreted the import of the Federal Circuit's rulings in Proveris III. (Decision at 8.) Rather than end Proveris's contempt and continuing infringement claims, the Federal Circuit vacated the sanctions award and remanded the case simply to have the Massachusetts court properly construe the preamble to claim 3 of the '400 patent, and then re-determine infringement and, thus, contempt. With that ruling, the Federal Circuit also found that the ADSA and the OSA, which Innova admitted infringed claim 3, are functionally identical. Proveris III, 739 F.3d at 1371-1373. Consequently, far from ending Proveris's contempt and infringement claims, the Federal Circuit's opinion in Proveris III

evidences the ongoing legal existence of Proveris's contempt and continuing infringement claims against Innova, and evidences an assumption that the Massachusetts court will adjudicate those claims. Id. Thus, the Court's legal determination that no "basis for a claim exists" is incorrect.

9. While the Court adopted an "all or nothing" approach to the estimation process, (Decision at 12), Proveris urges the Court to reconsider that approach in light of the incorrect legal determinations on which the Court based its decision, and amend its Order by estimating Proveris's Claim to be $1,113,281.28. Considering that the Massachusetts court originally entered sanctions against the Debtor for willful contempt in the amount of $1,113,281.28, amending the estimate to that amount is reasonable because (a) the challenged patent claims remain valid, (b) Proveris's contempt case against the Debtor, while presently stayed, still exists as a matter of law, and (c) considering the Federal Circuit's finding in Proveris III that the OSA and ADSA are functionally identical, with the Federal Circuit affirming the '400 patent's claim 3, which Proveris expects will happen (particularly with the preamble narrowing the scope of the claim, as the Debtor urged in the Contempt Action though not before the PTO or PTAB), a re-determination of infringement and, thus, contempt is assured. In such a situation, the Court should err on the side of protecting Proveris's constitutional right to due process and amend its Order to estimate the value of Proveris's Claim to be $1,113,281.28. Estimating the Claim to be $1,113,281.28 also prevents the fundamental unfairness that will result if Proveris is prohibited from voting on a plan that gives Waters and Garbern – insiders – 100% of the equity in the reorganized Debtor immediately upon plan confirmation and before any of the unsecured creditors are paid.

## CONCLUSION

The Court should amend its Order by estimating Proveris's Claim to be $1,113,281.28. Estimating the Claim to be $1,113,281.28 is reasonable because the '400 patent's claims remain valid, Proveris still has all rights as a patent holder to enforce the patent, and, because $1,113,281.28 is the amount of the sanctions the Massachusetts court originally entered against the Debtor, that amount is all but assured to be the value of Proveris's Claim for pre-petition contempt once that portion of Proveris's claims against the Debtor's estate has been liquidated. Estimating the Claim to be $1,113,281.28 also provides Proveris with due process rights to vote on a plan that is intimately connected to its Claim.

WHEREFORE, Proveris respectfully requests the Court to reconsider and amend its Order estimating the value of Proveris's Claim for plan voting (and all other) purposes to be $1,113,281.28.

Respectfully Submitted,

GREENBERG TRAURIG LLP
*Attorneys for Proveris Scientific Corporation*

By: /s/ Alan J. Brody
Alan J. Brody (AB-4777)
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07962
(973) 443-3543
brodya@gtlaw.com

Dated: January 28, 2015