# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY
### MITCHELL H. COHEN U.S. COURTHOUSE
### 401 Market Street
### P.O. BOX 2067
### CAMDEN, NJ  08101-2067

Andrew B. Altenburg, Jr.                                                    (856) 361-2320
U.S. BANKRUPTCY JUDGE

May 18, 2015

Mr. Alan J. Brody, Esq.                          Mr. Aris J. Karalis, Esq.
Greenberg Traurig, LLP                           Maschmeyer Karalis P.C.
200 Park Avenue                                  1415 Route 70 East
Florham Park, NJ 07932                           Suite 306
                                                 Cherry Hill, NJ 08034

RE:    *In re InnovaSystems, Inc.*
        **Bankr. Case No. 11-36228-ABA**

Dear Messers. Brody and Karalis:

This matter was originally brought before the court by way of Proveris Scientific Corporation's ("Proveris") Motion to Reconsider and Amend Claim Estimate Order, Doc. No. 537 on the Court's Docket, (the "Motion"). Debtor InnovaSystems, Inc. ("Innova") filed an Objection to Proveris's Motion to Reconsider and Amended Claim Estimate Order, Doc. No. 541 on the Court's Docket. A hearing was held on February 24, 2015 at which time the court took the matter under advisement. The record from that hearing is incorporated herein. The parties did not file additional documents with the court.

The following constitutes the court's findings of facts and conclusions of law.

To begin, at the outset of the February 24, 2015 hearing the court acknowledged that it made an error in its December 18, 2014 opinion, Doc. No. 519 on the Court's Docket, (the "Opinion") when it stated in Part C. that "estimating Proveris's claim at $0 prevents it from voting on the plan." *Id.* at 13 (emphasis added). This statement was incorrect. As the court clarified on the record at the February 24, 2015 hearing, estimating Proveris's claim at $0 *does not* prevent Proveris from voting on the plan. Claim estimation at $0 does not equate to claim disallowance. The Opinion makes clear that Proveris's claim has not been disallowed but instead must be liquidated in the non-bankruptcy forums in which the Innova/Proveris dispute is playing out. The fact that Proveris's original cross-motion to estimate its claim was granted rather than denied, and the fact that the claim has been estimated for voting purposes, demonstrates that the court did not disallow Proveris's claim. Accordingly, to set the record straight, Proveris may vote on the plan based upon its estimated claim.

In its papers, Proveris has argued that the court made two errors. First, addressing Proveris's contempt claim against Innova, Proveris alleges that the court erroneously determined

that no claim or, at this time, even a basis for a claim exists and that the court compounded the error by incorrectly concluding that Proveris's claim must be estimated at $0. *See* Motion ¶3. Second, Proveris contends that the court erred in utilizing an all or nothing approach to claims estimation. *See* Motion ¶9.

A motion to reconsider is not a vehicle whereby dissatisfied litigants can achieve "another bite at the apple by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *In re Thompson*, 520 B.R. 731, 740 (Bankr. E.D. Wis. 2014) (citation and internal marks omitted). Proveris's dissatisfaction with the court's ruling and its consequences is not sufficient to support a motion to reconsider. As for the specifics of the Motion, Proveris's Motion does not state what statute or rule Proveris is proceeding under. In determining what a movant intended, a court looks to the "function of the motion, not the caption." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988). The court thus assumes that Proveris is proceeding under Section 502(j), which states that "[a] claim that has been allowed or disallowed may be reconsidered for cause," and Federal Rule of Bankruptcy Procedure 3008, which allows "[a] party in interest [to] move for reconsideration of an order allowing or disallowing a claim against the estate." 11 U.S.C. § 502(j); Fed. R. Bankr. P. 3008. The Proveris claim has been allowed and estimated at zero so it therefore qualifies for reconsideration under Section 502(j) and Federal Rule of Bankruptcy Procedure 3008. Although Section 502(j)'s "for cause" standard is not defined and courts have not agreed on a certain test for reconsideration of a claim, courts generally look to the elements of Federal Rule of Civil Procedure 59 and 60. *In re ABS Ventures, Inc.*, 523 B.R. 443, 448 (Bankr. M.D. Pa. 2014); *In re Princeton Office Park, L.P.*, 504 B.R. 382, 392 (Bankr. D.N.J. 2014), *aff'd*, No. BR. 08-27149 MBK, 2015 WL 420171 (D.N.J. Jan. 30, 2015). Rules 59 and 60 are incorporated into bankruptcy cases by Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively. Fed. R. Bankr. P. 9023, 9024.

In light of the fact that Proveris's Motion appears to allege that the court made a mistake of law in issuing its Opinion, and the fact that "[m]istakes of law cannot, standing alone, justify granting a Rule 60(b) motion," *In re G-I Holdings, Inc.*, 472 B.R. 263, 279 (Bankr. D.N.J. 2012), the court will presume that Proveris is moving under Rule 59.[1] The Third Circuit provides the following with regard to Rule 59 motions:

> The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence. Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the

---

[1] Rule 60(b)(6)'s "any other reason" catchall is "available only in cases evidencing extraordinary circumstances[.]" *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). "Further, a motion under Rule 60(b)(6) must be fully substantiated by adequate proof and its exceptional character must be clearly established." *Crescent Recovery, LLC v. Account Portfolio Mgmt., LLC*, No. CIV. A. 07-4857 JAP, 2009 WL 3855952, at *7 (D.N.J. Nov. 18, 2009) (internal marks omitted); *Federal Deposit Ins. Corp. v. Alker*, 234 F.2d 113, 116 (3d Cir. 1956). In light of Proveris's failure to employ the language of extraordinary or exceptional circumstances and the dearth of support provided by Proveris, the court will not investigate this extraordinary remedy.

motion [under reconsideration]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). It is well established that "[i]t is not appropriate to use a motion for reconsideration as a vehicle to rehash the arguments that the Court considered in reaching its decision." *Saddle River Valley Bank v. Garsia*, No. 09-02255, 2010 WL 276190, at *2 (Bankr. D.N.J. Jan. 14, 2010) (citations omitted); *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 349 (Bankr. W.D. Pa. 1992) (stating "a motion to reconsider may *not* be used to *rehash* the same arguments presented the first time or simply to express the opinion that the court was wrong") (emphasis in the original) (citations omitted). In addition, courts have found that a clear error of law or fact "requires an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *In re Titus*, 479 B.R. 362, 368 (Bankr. W.D. Pa. 2012) (internal citations omitted) (citations omitted).

As for Proveris's first argument that the court erroneously determined that no claim or, at this time, even a basis for a claim exists, the court reiterates what it said at the February 24, 2015 hearing, namely that it did not make any determination as to whether a patent claim exists and that its Opinion was limited to the determination of whether a claim exists within the bankruptcy case for the purpose of plan voting. Simply put, the court did not make an error of law. Proveris misinterpreted the court's words to mean that it was disallowing its claim in its entirety. As set forth above, the Opinion makes clear that Proveris's claim has not been disallowed but instead must be liquidated in the non-bankruptcy forums. Indeed, by granting, rather than denying, Proveris's original cross-motion to estimate its claim, the court indicated that the claim has not been disallowed. How could a court estimate the amount of a claim that does not exist? While in hindsight, perhaps it would have been better to use the terminology "the *amount* of the claim" instead of just "the claim," the Opinion does not conclude that no claim exists. Instead, based upon the facts of this case and the law applicable to claim estimation, the Opinion properly concluded that estimating Proveris's claim[2] at $0 was appropriate.

As for Proveris's second argument that the court erred by employing an all or nothing approach to claims estimation, the court again reiterates what it said at the February 24, 2015 hearing, namely that employing such an approach to claims estimation, as set forth in *Bittner v. Borne Chemical Company*, 691 F.2d 134 (3d Cir. 1982), is a valid approach to claims estimation. As such, no mistake of law was made when the court relied on controlling Third Circuit precedent in estimating Proveris's claim. Proveris's Motion does not demonstrate the existence of any clear error of law or fact such that its Motion should be granted.

The court also addresses an argument raised by Proveris for the first time at the February 24, 2015 hearing. At that time, Proveris argued that the court's decision to estimate its claim at $0 impinged upon its due process rights because it blunted the impact of Proveris's vote for plan voting purposes. Proveris cited no case law in support of its argument.[3]

---

[2] The amount of the Proveris claim should and will ultimately be determined by another forum.

[3] While in general "the burden is upon one complaining of a due process violation to establish the prerequisites for such a finding," the court will briefly address Proveris's allegation in spite of the fact that Proveris has not supplied

The court finds *In re Baldwin-United Corp.*, 55 B.R. 885 (Bankr. S.D. Ohio 1985) instructive on this issue. In *Baldwin-United*, the court disallowed, in their entirety, claims brought by a group of would-be-creditors who argued that estimating their claims at "zero or at a nominal amount" would violate their due process rights. *Id.* at 896. The *Baldwin-United* court deemed this argument "misguided," *id.*, and stated that:

> Given the legitimate legislative purposes behind § 502(c), it can hardly be asserted that the Brokers' burden in this estimation proceeding lacks a rational basis. As the Supreme Court has repeatedly emphasized in its recent pronouncements, nothing more is required to meet the substantive requirements of due process:
>
>> It is by now well established that legislative Acts [sic] adjusting the burdens and benefits of economic life come to the Court with a presumption of constitutionality, and that the burden is on one complaining of a due process violation to establish that the legislature has acted in an arbitrary and irrational way . . .
>>
>> . . . Our cases are clear that legislation readjusting rights and burdens is not unlawful solely because it upsets otherwise settled expectations.

*Id.* at 901-02 (citing *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15-16 (1976)). The *Baldwin-United* court found that no due process violation occurred even though the claims in that case were disallowed in their entirety. In contrast, this court's Opinion did not disallow Proveris's claim at all, it simply stated that the claim is estimated at $0 for plan voting purposes.

In a footnote in *Bittner v. Borne Chemical Company,* 691 F.2d 134 (3d Cir.1982)), the Third Circuit provided a similar due process analysis in addressing the due process concerns of a creditor whose claim was estimated at zero. The Third Circuit stated:

> The Rolfite stockholders apparently contend that in barring them from voting on the reorganization plan, the bankruptcy court deprived them of a property right without due process of law. Congress has given the bankruptcy courts broad discretion to estimate a claim pursuant to section 502(c)(1). As classic economic regulation, the federal bankruptcy laws need only be supportable on a rational basis to survive substantive due process challenges. *See In re Ashe*, 669 F.2d 105, 110 (3d Cir. 1982). A bankruptcy court's discretion to treat a contingent, unliquidated claim as did the court here is undoubtedly rationally related to the legitimate governmental interests expressed in Chapter 11.

*Id.* at 137 n.9.

---

any law in support of its argument. *In re Baldwin-United Corp.*, 55 B.R. 885 (Bankr. S.D. Ohio 1985) (citing *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 15 (1976)).

In light of the *Baldwin-United* and *Bittner* cases, the court finds that no due process violation occurred.

Similarly, there is no there is no manifest injustice to Proveris as a result of the court's decision. As clearly set forth in the Opinion, Proveris is not prevented from participating in the confirmation process and/or objecting to Innova's plan. *See* Opinion at 14. Proveris has contended that Innova is manipulating the confirmation process and undervaluing assets. The court's Opinion does not prevent Proveris from raising its issues at confirmation. Ultimately, the burden of proof as to plan confirmation lies with Innova. *See In re W.R. Grace & Co.*, 475 B.R. 34, 114 (D. Del. 2012); *In re Future Energy Corp.*, 83 B.R. 470, 481 (Bankr. S.D. Ohio 1988); *In re Trenton Ridge Investors, LLC*, 461 B.R. 440, 459 (Bankr. S.D. Ohio 2011). As repeatedly stated by this court, Innova still has the burden of proving that the plan has been proposed in good faith. 11 U.S.C §1129(a)(3). Good faith requires, *inter alia*, a plan that is consistent with the objectives and purposes of the Bankruptcy Code. *In re PWS Holding Corp.*, 228 F.3d 224, 242 (3d Cir. 2000). To that end, courts consider whether a plan is fundamentally unfair in dealing with the creditors and whether a plan maximizes property available to satisfy creditors. *In re W.R. Grace & Co.*, 475 B.R. at 87-88. It is important to note that even if a debtor's plan satisfies the good faith requirement, it still may not be confirmable. *Id.* at 90. Rather an examination of the "totality of the circumstances" is required. *Id.* at 87. Proveris can still successfully argue the plan confirmation is not appropriate. Consequently, the court's Opinion does not result in a manifest injustice to Proveris.

Proveris has not presented evidence of an intervening change in the controlling law, the availability of new evidence that was not available when the court entered its Opinion, or the need to correct a clear error of law or fact or to prevent manifest injustice as would be required to bring a successful motion to reconsider. Instead, Proveris's Motion contains a misunderstanding of the court's Opinion and an argument that the court should reconsider its Opinion because Proveris is not satisfied with the Third Circuit standard the court applied. Neither of these plaints is sufficient to satisfy the demanding standard a party must meet on a motion to reconsider. Additionally, Proveris's allegation of a due process violation, presented at the February 24, 2015 hearing, is specious and not supported by the case law. In sum, Proveris has failed to satisfy the requirements of a motion to reconsider and as such the Motion is hereby **DENIED**.

A copy of this Court's order is enclosed.

The court reserves the right to further supplement its findings of fact and conclusions of law.

Andrew B. Altenburg, Jr.
United States Bankruptcy Judge